**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In Re:
Crystal Marie Stephens Thorpe
Debtor

Chapter 13
Bankruptcy No. 26-12327-amc

FILED
OCT - 2 2026
CLERK OF COURT
BY ________ DEP. CLERK

# DEBTOR'S RESPONSE IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

## I. INTRODUCTION

1. Crystal Marie Stephens Thorpe ("Debtor"), proceeding pro se, respectfully submits this Response in Opposition to the Motion for Relief from Automatic Stay filed by Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset -Backed Pass-Through Certificates, Series 2007-Q03 ("Movant").

## II. BACKGROUND

2. On May 29, 2026, Debtor filed the present Chapter 13 bankruptcy case in the United States Bankruptcy Court for the Eastern District of Pennsylvania. The filing imposed the automatic stay under 11 U.S.C. § 362 with respect to collection and foreclosure activity concerning 514 Poplar Street, Philadelphia, Pennsylvania 19123

3. Since the filing of this case, Debtor has made the required Chapter 13 Trustee payments. Debtor has not made separate post-petition mortgage payments directly to Rocket Mortgage; however, Debtor disputes that Movant has established that $1,827.56 is the correct contractual monthly payment due under the Adjustable-Rate Note.

4. On September 18, 2026, Movant filed the present Motion for Relief from the Automatic Stay, alleging that Debtor failed to make two post-petition mortgage payments of $1,827.56 each, for June and July 2026, totaling $3,655.12, and requesting authority to resume enforcement against the property located at 514 Poplar Street, Philadelphia, Pennsylvania 19123. Debtor opposes termination of the automatic stay and submits this Response because the amount asserted as the contractual monthly payment and the total indebtedness stated in the Motion require further explanation and reconciliation.

## III. THE ASSERTED POST-PETITION PAYMENT REQUIRES RECONCILIATION

5. Movant asserts that the contractual monthly mortgage payment is **$1,827.56**, consisting of approximately **$1,119.13** in principal and interest and **$708.43** in escrow. However, Rocket Mortgage's April 16, 2026 written interest-rate and payment-change notice advised Debtor that the payment effective June1, 2026 would be **$1,820.04,** consisting of **$1,119.13** in principal and interest and **$700.91** in escrow. The principal-and-interest component is therefore the same, while the asserted escrow component differs. The Motion does not identify the subsequent escrow analysis or payment-change notice by which the June and July payments became $1,**827.56**. **Exhibit A**.

6. Rocket Mortgage's April 16, 2026 notice further identified the loan balance used in calculating the payment as $167,216.94. The present Motion states an unpaid principal balance of $198,527.39, a difference of approximately $31,310.45. The Motion does not provide a transactional history or other reconciliation explaining that increase in principal balance.

7. Debtor has maintained funds sufficient to address the presently asserted post-petition amount and is prepared to promptly cure the amount the Court determines to be properly due once the contractual payment amount is established.

## IV. THE AMOUNTS ASSERTED IN THE MOTION REQUIRE RECONCILIATION

8. Movant filed Proof of Claim No.1-1 on July 2, 2026, asserting total indebtedness of approximately **$413,883.57**.

9. In the present Motion, Movant states that as of July 20, 2026, the total debt was **$472,405.37**.

10. The difference between those figures is approximately **58,521.80**. The Motion does not provide an itemization explaining how the asserted indebtedness increased by that amount between the **petition-date indebtedness reflected in the Proof of Claim** and the amount stated in the present Motion.

11. The alleged two post-petition payments identified by the Movant total only $3,655.12. Accordingly, those two payments alone do not explain the substantially larger difference

between the total debt reported in the Proof of Claim No. 1-1 and the total debt asserted in the Motion.

**12.** Debtor has already filed an objection concerning Proof of Claim No. 1-1 and disputes portions of the historical accounting supporting the claim. Nothing in this Response is intended to waive, withdraw, or narrow that pending objection.

## V. ADDITIONAL LIEN AND ACCOUNTING ISSUES REMAIN UNRESOLVED

**13.** Movant's own Certificate of Service identifies an entity located at 1901 E. Voorhees Street, Danville, Illinois 61834, and expressly designates that entity as a "**Lienholder**".

**14.** Movant's Certificate of Service therefore recognizes another entity as a lienholder concerning the Property. The present Motion does not explain the current status, amount, or priority of that lien.

**15.** Debtor does not contend that the identification of another lienholder, standing alone, defeats Movant's request for relief. Debtor raised the issue because the Motion seeks relief concerning Movant's claimed secured interest in the Property while the record itself identifies another lienholder whose present status has not been explained.

## VI. HISTORICAL ACCOUNTING ALSO REQUIRES RECONCILIATION

**16.** A certified **Notice of Intention to Foreclose** issued by Nationstar Mortgage on March 10, 2016 identified the next payment due date as March 1, 2010, stated total monthly payments due $79,264.75, a corporate advance balance of $19,298.16, and a total amount necessary to cure $98,562.91. **Exhibit B.**

**17.** Debtor references that notice as to a historical accounting checkpoint, not to adjudicate the entire prepetition foreclosure history in connection with this Motion. Debtor submits that the loan history should be capable of reconciling that earlier accounting with the amounts subsequently asserted in the Proof of Claim No. 1-1 and the present Motion.

**18.** Debtor further notes that the Notice of Motion identifies the property at one point as 515 Poplar Street, whereas the subject property, the Mortgage, and the Motion itself concern 514 Poplar Street, Philadelphia, Pennsylvania 19123. Debtor raised this discrepancy to ensure that the record accurately identifies the property affected by the requested relief.

## VII. CONTINUATION OF THE STAY AND OPPORTUNITY TO CURE

**19.** Debtor is not asking the Court for permission to remain indefinitely delinquent on any properly established post-petition obligation.

**20.** Debtor has continued making Chapter 13 Trustee payments and has maintained funds sufficient to address the presently alleged post-petition mortgage delinquency.

**21.** Under these circumstances, Debtor respectfully submits that immediate termination of the automatic stay is unnecessary where the alleged post-petition default can be cured and where genuine accounting issues remain concerning the contractual monthly payment and the total indebtedness asserted by Movant.

**22.** If the Court determines that a post-petition cure is required, Debtor respectfully requests an opportunity to cure the amount determined to be properly due rather than immediate termination of the automatic stay.

**23.** Debtor further requests that, should any relief from stay ultimately be granted, the Court decline Movant's request to waive the **14-day stay of any order granting relief** provided by Bankruptcy Rule 4001(a)(3).

**24.** Debtor consents to the entry of a final order or judgment by this Court if it is determined that the Court, **absent consent of the parties** cannot enter a final order or judgment consistent with Article III of the United States Constitution.

**WHEREFORE**, Debtor asks this Honorable Court to:

1. Deny the Motion for Relief from Automatic Stay;

2. Alternatively, continue the automatic stay conditioned upon a reasonable cure of whatever post-petition amount the Court determines is properly due;

3. Require Movant, for purposes of this Motion, to substantiate and reconcile the asserted $1,827.56 monthly payment, the increase in principal from $167,216.94 to 198,527.39, and the increase in total indebtedness from $413,883.57 to $472,405.37;

4. Clarify that determination of this Motion does not adjudicate or prejudice Debtor's pending Objection to Proof of Claim No. 1-1 or the issues raised therein;

5. Deny Movant's request to waive the 14-day stay of any order granting relief under Rule 4001(a)(3); and

6. Grant any other relief the Court considers appropriate.

Respectfully Submitted,

Crystal Marie Stephens Thorpe
Debtor, Pro Se
Crystal Marie Stephens Thorpe
514 Poplar Street
Philadelphia, Pennsylvania 19123
Telephone: 267-650-9754
Date: October 2, 2026

# EXHIBIT A.

ROCKET MORTGAGE APRIL 16, 2026 NOTICE OF INTEREST-RATE CHANGE EFFECTIVE MAY 1, 2026 AND PAYMENT EFFECTIVE JUNE 1, 2026

Rocket Mortgage

RETURN SERVICE ONLY
PLEASE DO NOT SEND MAIL TO THIS ADDRESS
PO Box 818060 | 5801 Postal Road | Cleveland, OH 44181

**Loan number**
[redacted]1775

**Property address**
514 POPLAR ST
PHILADELPHIA, PA 19123

**Notice date**
04/16/2026

1889 1 MB 0.672 T7 P2 AUTO 246395.2-NNNN-32302131
CRYSTAL M STEPHENS
514 POPLAR ST
PHILADELPHI, PA 19123

246395.2-NNNN-699178594-1889.1

**Changes to your mortgage interest rate on 5/1/26 and payment on 6/1/26.**

Hi Crystal M Stephens:

Under the terms of your adjustable rate mortgage (ARM), you had a 1 period during which your interest rate stayed the same. That period ends on 5/1/26. On that date, your interest rate will change, and this may result in a subsequent payment change. After that, your interest rate may change every 1 month(s) for the rest of your loan term.

**Changes to your mortgage interest rate and payment effective on 6/1/26**

| | Current rate and monthly payment | New rate and monthly payment[1] |
|---|---|---|
| Interest rate | 7.250% | 7.250% |
| Principal | $108.21 | $108.86 |
| Interest | $1,010.92 | $1,010.27 |
| Escrow | $700.91 | $700.91 |
| **Total monthly payment** | $1,820.04 | $1,820.04 |

[1]The rates and monthly payments listed above are estimates.
Your new interest rate and payment may be different.

**Interest rate: We calculated your interest rate by taking a published "index rate" and adding a certain number of percentage points, called the "margin." Under your loan agreement, your index rate is the AVERAGE OF 12 MONTHLY AVERAGE YIELDS ON U.S. TREASURY SECURITIES ADJUSTED TO A CONSTANT MATURITY OF 1 YEAR and your margin is 3.450%. The AVERAGE OF 12 MONTHLY AVERAGE YIELDS ON U.S. TREASURY SECURITIES ADJUSTED TO A CONSTANT MATURITY OF 1 YEAR is published MONTHLY BY THE FEDERAL RESERVE BOARD.**

**Rate limits:** Your rate cannot go higher than 9.950% over the life of the loan. Your rate can change by no more than 0.000% with this adjustment.

**New interest rate and monthly payment:** The table above shows your new interest rate and new monthly payment. Your new payment is based on the AVERAGE OF 12 MONTHLY AVERAGE YIELDS ON U.S. TREASURY SECURITIES ADJUSTED TO A CONSTANT MATURITY OF 1 YEAR index, your margin of 3.450%, your loan balance of $167,216.94, and your remaining loan term of 250 month(s).

**Prepayment penalty:** None

**Escrow:** An escrow analysis may also be performed that will analyze the taxes and/or insurance for your property, which can also affect your total payment amount.

Please be advised this communication is sent for informational purposes only and is not intended as an attempt to collect, assess, or recover a claim against, or demand payment from, any individual protected by the U.S. Bankruptcy Code. If this account has been discharged in a bankruptcy proceeding, be advised this communication is for informational purposes only and not an attempt to collect a debt against you; however, the servicer/lender reserves the right to exercise the legal rights only against the property securing the loan obligation, including the right to foreclose its lien under appropriate circumstances. Nothing in this communication shall be construed as an attempt to collect against the borrower personally or an attempt to revive personal liability.

If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.

EQUAL HOUSING OPPORTUNITY

Rocket Mortgage

PO Box 818060 | 5801 Postal Road | Cleveland, OH 44181

If you have any questions, your Dedicated Loan Specialist is Anna Williams-Heedley and can be reached at (866)-316-2432 or via mail at 8950 Cypress Waters Blvd., Coppell, TX 75019. Our hours of operation are Monday through Friday from 8:30 a.m. to 9 p.m. ET and Saturday from 9 a.m. to 4 p.m. ET. Visit us on the web at www.RocketMortgage.com for more information.

Sincerely,

Your Rocket Servicing Team

246395.2-NNNN-699178594-1889.2*

# EXHIBIT B.

NATIONSTAR MORTGAGE MARCH 10, 2016 NOTICE OF INTENTION TO FORECLOSE

Nationstar
MORTGAGE

03/10/2016

Sent Via Certified Mail
9314 7100 1170 0858 4596 05

CRYSTAL MARIE STEPHENS
514 POPLAR ST
PHILADELPHIA, PA 19123-2113

Loan Number: [redacted]1775
Property Address: 514 POPLAR ST
PHILADELPHIA, PA 19123

## NOTICE OF INTENTION TO FORECLOSE MORTGAGE

Dear CRYSTAL MARIE STEPHENS:

If you are represented by an attorney, please send this notice to your attorney.

Nationstar is the mortgage loan servicer for "DEUTSCHE BANK NATIONAL TRUST COMPANY AMERICAS, as Trustee for Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QO3".

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

Your property located at:
514 POPLAR ST
PHILADELPHIA, PA 19123

IS IN SERIOUS DEFAULT *because you have not made the monthly payment (s) and other charges for the months of 03/01/2010 through 03/10/2016 as follows:*

| | | |
|---|---|---|
| Next Payment Due Date: | | 03/01/2010 |
| Total Monthly Payments Due: | | $79,264.75 |
| Late Charges: | | $0.00 |
| Other Charges: | Uncollected NSF Fees: | $0.00 |
| | Other Fees: | $0.00 |
| | Corporate Advance Balance: | $19,298.16 |
| | Unapplied Balance: | ($0.00) |
| **TOTAL YOU MUST PAY TO CURE DEFAULT:** | | **$98,562.91** |

The total amount now required to cure this default, or in other words, get caught up in your payments, as of the date of this letter, is $98,562.91.

**Nationstar is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.**

PA ACT6


9314 7100 1170 0858 4596 05

*You may cure this default within THIRTY-FIVE (35) DAYS of the date of this letter, by paying to us the above amount of $98,562.91, plus any additional monthly payments and late charge which may fall due during this period.* Such payment must be made either by cash, cashier's check, certified check or money order. Please include your loan number and property address with your payment and send to:

Nationstar Mortgage LLC
PO Box 650783
Dallas, TX 75265-0783
Attn: Default Management

If you do not cure the default within THIRTY-FIVE (35) DAYS, *we intend to exercise our right to accelerate the mortgage payments.* This means that whatever is owing on the original amount borrowed will be considered due immediately and you may lose the chance to pay off the original mortgage in monthly installments. If full payment of the amount of default is not made within THIRTY-FIVE (35) DAYS, *we also intend to instruct our attorneys to start a lawsuit to foreclose your mortgaged property. If the mortgage is foreclosed, your mortgaged property will be sold by the Sheriff to pay off the mortgage debt.* If we refer your case to our attorneys, but you cure the default before they begin legal proceedings against you, you will still have to pay the reasonable attorney's fees, actually incurred, up to $50.00. However, if legal proceedings are started against you, you will have to pay the reasonable attorney's fees even if they are over $50.00. Any attorney's fees will be added to whatever you owe us, which may also include our reasonable costs. *If you cure the default within the thirty-five (35) day period, you will not be required to pay attorney's fees.*

We may also sue you personally for the unpaid principal balance and all other sums due under the mortgage. If you have not cured the default within the thirty-five (35) day period and foreclosure proceedings have begun, *you still have the right to cure the default and prevent the sale at any time up to one hour before the Sheriff's foreclosure sale. You may do so by paying the total amount of the unpaid monthly payments plus any late or other charges then due, as well as the reasonable attorney's fees and costs connected with the foreclosure sale (and perform any other requirements under the mortgage).* It is estimated that the earliest date that such a Sheriff's sale could be held would be **approximately six (6) months from the date of this notice.** A notice of the date of the Sheriff sale will be sent to you before the sale. Of course, the amount needed to cure the default will increase the longer you wait. You may find out at any time exactly what the required payment will be by calling us at 1-888-480-2432. This payment must be in cash, cashier's check, certified check or money order and made payable to us at the address stated above.

You should realize that a Sheriff's sale will end your ownership of the mortgaged property and your right to remain in it. If you continue to live in the property after the Sheriff's sale, a lawsuit could be started to evict you.

You have additional rights to help protect your interest in the property. YOU HAVE THE RIGHT TO SELL THE PROPERTY TO OBTAIN MONEY TO PAY OFF THE MORTGAGE DEBT, OR TO BORROW MONEY FROM ANOTHER LENDING INSTITUTION TO PAY OFF THIS DEBT (YOU MAY HAVE THE RIGHT TO SELL OR TRANSFER THE PROPERTY SUBJECT TO THE MORTGAGE TO A BUYER OR TRANSFEREE WHO WILL ASSUME THE MORTGAGE DEBT, PROVIDED THAT ALL THE OUTSTANDING PAYMENTS. CHARGES AND ATTORNEY'S FEES AND COSTS ARE PAID PRIOR TO OR AT THE SALE, AND THAT THE OTHER REQUIREMENTS UNDER THE MORTGAGE ARE SATISFIED). CONTACT US TO DETERMINE UNDER WHAT CIRCUMSTANCES THIS RIGHT MIGHT EXIST. YOU HAVE THE RIGHT TO HAVE THIS DEFAULT CURED BY ANY THIRD PARTY ACTING ON YOUR BEHALF.

*If you cure the default, the mortgage will be restored to the same position as if no default had occurred.* However, you are not entitled to this right to cure your default more than three times in any calendar year.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to assert in

the foreclosure proceeding the non-existence of a default or any other defense of borrower to acceleration and foreclosure.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Nationstar.

If you request in writing, Nationstar will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Nationstar will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Nationstar's Foreclosure Prevention Department at 1-888-480-2432 for additional information or to request an interview for the purpose of resolving the past due account. You may also visit https://www.nationstarmtg.com/PaymentAssistance/ for additional information, to see what options may be available to you, and to submit an application for assistance.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD approved counseling agencies, call 1-888-995-HOPE (4673) or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, AND joined after signing the Note and Security Instrument now in default, please notify Nationstar immediately. Please notify us of your active duty status in order to receive an interest rate reduction to 6%. Notice must be received no later than 180 days after your military services ends. It is not necessary to notify us of your military status in order to obtain foreclosure protection; however, we will be better able to assist you if you notify us of your military status as soon as possible. When contacting Nationstar as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at Military OneSource (www.militaryonesource.mil; 1-800-342-9647), Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and HUD-certified housing counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You may also call Nationstar toll-free at 1-888-480-2432 if you have questions about your rights under SCRA.

Please disregard this notice if a payment sufficient to cure the default has already been sent.

Sincerely,

James Lovelace
Dedicated Loan Specialist
Nationstar Mortgage LLC
1-877-782-7612 ext. 5492381
8950 Cypress Waters Boulevard
Coppell, TX 75019